United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                      Case No. 16-16533-amc
Thomas K. Baumgartner                                                       Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2            User: Denine            Page 1 of 1            Date Rcvd: Feb 09, 2017
                Form ID: pdf900        Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 11, 2017.
db              +Thomas K. Baumgartner,    2867 Homestead Court,    Gilbertsville, PA 19525-9698
cr              +PHH MORTGAGE CORPORATION,    1 Mortgage Way,    Mount Laurel, NJ 08054-4624

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

       ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 11, 2017                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 9, 2017 at the address(es) listed below:
      DENISE ELIZABETH CARLON    on behalf of Creditor    Toyota Motor Credit Corporation
       bkgroup@kmllawgroup.com
      JOSEPH ANGEO DESSOYE    on behalf of Creditor    U.S. Bank National Association As Trustee For et
       al. paeb@fedphe.com
      JOSEPH L QUINN    on behalf of Debtor Thomas K. Baumgartner CourtNotices@sjr-law.com
      KEVIN S. FRANKEL    on behalf of Creditor    PHH MORTGAGE CORPORATION pa-bk@logs.com
      United States Trustee     USTPRegion03.PH.ECF@usdoj.gov
      WILLIAM C. MILLER     ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                                           TOTAL: 6

1 Baumgartner Stipulation Bankruptcy Case # 16-16533/AMC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Thomas K. Baumgartner, Debtor. | CHAPTER 13 |
| PHH Mortgage Corporation as servicer for Long Trail Trust, Movant, v. Thomas K. Baumgartner, Debtor, William C. Miller, Trustee, Additional Respondent. | BANKRUPTCY CASE NUMBER 16-16533/AMC  11 U.S.C. § 362 |

### STIPULATION AND ORDER

AND NOW, in consideration of the mutual promises and agreements set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed to by and between the undersigned as follows:

1. This Stipulation shall govern all post-petition payments due and owing to Movant, including those that fall due after the arrears, as set forth below, are cured.

2. The post-petition arrearages on the mortgage held by Movant on Debtor' property at 2867 Homestead Court, Gilbertsville, PA 19525, are $3,496.10. The breakdown of the arrears is as follows:

Post-Payments from October 15, 2016 to February 15, 2017 at $699.22 each = $3,496.10;

3. If Debtor provides proof of negotiated payments not already credited, they will receive credit for those payments.

4. Debtor shall cure the arrearages in the following manner:

(a) A lump sum payment of $1,750.00 shall be made on or before February 15, 2017;

(b) The balance of the arrears, to-wit, $1,746.10, shall be cured by the Debtor through the Chapter 13 Plan;

2 Baumgartner Stipulation Bankruptcy Case # 16-16533/AMC

    (c)     Debtor shall resume making the regular monthly mortgage payments on February 15, 2017;

    (d)     If funds are not received prior to the 25th of the month, then the payment shall include all applicable late charges;

    (e)     All payments to Movant are to be in CERTIFIED FUNDS, MONEY ORDER, or BANK CASHIER'S CHECK with the Loan No. written on the face thereof, and shall be made directly to Attention: BANKRUPTCY DEPARTMENT, PHH Mortgage Corporation as servicer for Long Trail Trust, at One Mortgage Way, Attn: SBRP SV-01, Mount Laurel, New Jersey 08054;

    (f)     Debtor is responsible to pay the monthly payment as that amount may be adjusted from time to time by Movant in accordance with standard escrow practices;

    (g)     Debtor is responsible to reimburse Movant for its attorneys' fees and costs in connection with this motion. All further payments will be applied to the arrears and/or monthly payments in the manner prescribed by the Mortgage and Note.

5.     Debtor understands that he shall be required to file an amend Chapter 13 Plan to pay the entire new adjusted $2,445.32 arrearage claim of Movant (original arrearage claim of $699.22 + post arrears of $1,746.10) by February 28, 2017. Movant shall file an amended proof of claim with the new arrears amount of $2,445.32.

6.     In the event that Debtor fail to make any of the payments set forth above, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure the default within 15 days of the notice. If Debtor should fail to cure the default within 15 days, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, Debtor consents to the Court entering an Order granting Movant relief from the Automatic Stay.

7.     After Movant sends two (2) Notices of Default for Debtor's failure to remain post-petition current, then Movant may file a Certification of Default with the court instead of sending a third Notice of Default.

3 Baumgartner Stipulation Bankruptcy Case # 16-16533/AMC

8. Debtor understands that should Movant be forced to provide a written Notice of Default of this Stipulation, that Debtor shall be responsible for any reasonable attorney fees of $50.00 per Notice of Default and $200.00 per Certification of Default incurred by Movant as a result of preparation of same.

9. Debtor agrees that the Court may waive Rule 4001(a) (3), permitting Movant to immediately implement and enforce the Court's order.

Dated: 2/6/17

_____
Kevin S. Frankel, Esquire
Attorney for Movant

Dated: Feb 6, 2017

_____
Joseph L. Quinn, Esquire
Attorney for Debtor

Dated: 2-7-17

_____
William C. Miller   JACK MILLER
Trustee

AND NOW, this _____ day of _____, 2017, it is hereby ORDERED that the foregoing Stipulation is approved, shall be, and is made an Order of this Court.

BY THE COURT:

**Date: February 8, 2017**

_____
HONORABLE ASHELY M. CHAN
UNITED STATES BANKRUPTCY JUDGE